FILED
2008 Mar-19 AM 11:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **LONNIE G. HAWKINS,** ] | |
| ] | |
| **Plaintiff** ] | |
| ] | |
| v. ] | CV-03-BE-1175-W |
| ] | |
| **MICHAEL J. ASTRUE,** ] | |
| **Commissioner of Social Security** ] | |
| **Administration,** ] | |
| ] | |
| **Defendant.** ] | |

## MEMORANDUM OPINION AND ORDER

This case is before the court upon the application for approval of attorney fees (doc. 8) filed by Plaintiff's counsel, Tim R. Wadsworth.  For the reasons stated below, the court DENIES Mr. Wadsworth's application.

On May 19, 2003, Plaintiff filed a one and one-half page complaint in this court challenging a final adverse decision of the Commissioner of the Social Security Administration. The court received no other submissions until February 19, 2004, at which time the Commissioner moved to remand the case for additional proceedings because the Commissioner was unable to locate certain portions of the administrative record.  On February 26, 2004, pursuant to sentence six of section 405(g) of the Social Security Act, this court remanded the case to the Commissioner.  Because the remand was effectuated pursuant to sentence six, the court retained jurisdiction over the case throughout the remand proceedings.  *See Jackson v. Chater*, 99 F.3d 1086, 10985 (11th Cir. 1996).

On March 25, 2005, the Commissioner issued a fully favorable decision finding Plaintiff

disabled.  On September 6, 2006, the Commissioner requested this court to affirm the fully favorable decision as a final judgment under Fed. R. Civ. P. 58.  On September 8, 2006, the court granted the Commissioner's motion, entered final judgment affirming the Commissioner's favorable decision on remand, and dismissed the case.

On February 13, 2008, Mr. Wadsworth filed his application for attorney's fees in this court.  Mr. Wadsworth stated in his application that he petitioned the Social Security Administration for approval of fees in the amount of $11,402.25 – 25% of the past-due benefits – on December 1, 2005.  Over the following months, Mr. Wadsworth repeatedly inquired as to the status of his petition.  Because the Administration could not locate the petition, Mr. Wadsworth resubmitted it on March 22, 2006.  The administrative law judge in Birmingham, Alabama, approved $7,000.00 in fees.  Mr. Wadsworth appealed to the Chief Administrative Law Judge in Atlanta, Georgia.  Mr. Wadsworth does not give a precise date, but sometime in 2007, the Chief Administrative Law Judge awarded a fee in the amount of $7,800.00.  On February 4, 2008, the Administration informed Mr. Wadsworth that it would release the remaining portion of the 25% of withheld past-due benefits – $3,602.25 – unless he petitioned for approval of a fee within 20 days.  Mr. Wadsworth's application for fees in this court followed on February 13, 2008.

"Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled." *Edwards v. Astrue*, 2008 WL 360788, at *1 (M.D. Fla. Feb. 8, 2008).  This 25% set-aside is the <u>maximum</u>; the petitioning attorney must still show that the amount of the 25% set-aside requested is reasonable.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  However, this court can award Mr. Wadsworth fees only for the work he

performed <u>before this court</u>.  *See Strickland v. Bowen*, 669 F. Supp. 1086, 1088 (M.D. Ga. 1987). The Administration must award fees for work performed before it.  *Id.*  The first recoverable fees for work in this court are the costs of preparing and filing the complaint.  *Id.* at 1089 n. 2 (citing *White v. United States*, 740 F.2d 836, 842 (11th Cir. 1984)).  An application for attorneys' fees under 42 U.S.C. § 406(b) is subject to the requirements of Fed. R. Civ. P. 54(d)(2)(B).  *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 12l77 (11th Cir. 2006).  Thus, an attorney's request for fees must be filed within fourteen days of final judgment.

The court first notes that Mr. Wadsworth's application for fees in this court is grossly untimely – 509 days late.  The Commissioner issued a fully favorable decision awarding Plaintiff benefits on May 25, 2005, and this court entered final judgment on September 8, 2006 – almost a year and half before Mr. Wadsworth filed his application for attorney's fees.  Although Mr. Wadsworth did not justify his untimeliness in his application, the court anticipates that he would argue that he was awaiting the Administration's decision on his fee petition prior to filing anything in this court.  This argument, if made, would be unavailing because it ignores the principle that the Administration may only award fees incurred in representation before it, and this court may only award fees incurred in representation before it.  In fact, the standard instructions that accompany the petition Mr. Wadsworth submitted to the Administration state: "A representative who has rendered services in a claim before both SSA and a court of law may seek a fee from either or both, but generally neither tribunal has the authority to set a fee for services rendered before the other."

Furthermore, if Mr. Wadsworth were to somehow convince the court to disregard his delay, the court would deny Mr. Wadsworth's requested fees for work in this court as unreasonable.  The <u>only</u> submission to this court was the complaint of less than two pages.  Mr.

Wadsworth's itemized work, however, indicates that he spent more than twenty-eight hours working up to the time he filed his two-page complaint and almost twenty additional hours prior to this court's remand to the Commissioner.  With vague descriptions such as "Work on case," "Research," and "Conference with Client," this court cannot conclude that the type of work Mr. Wadsworth allegedly performed was reasonable, especially in light of his sole submission to the court.  In addition, the court cannot conclude that the <u>number</u> of hours was reasonable.  For instance, between the complaint and remand, Mr. Wadsworth allegedly performed twenty-two hours of "research," but to what end?  Similarly, Mr. Wadsworth allegedly spent multiple hours in conferences with his client.  Even the smaller time increments seem unreasonable.  For instance, Mr. Wadsworth listed a full hour for reviewing the Commissioner's two-page motion for remand.  Even if the court were to accept his untimely application for fees, Mr. Wadsworth has not convinced this court that he performed over $3,600.00 of work before it.

Accordingly, because of the untimely nature of Mr. Wadsworth's motion, his application for attorney's fees is due to be DENIED.  In the alternative, the court cannot approve Mr. Wadworth's requested fees because he has not shown the number of hours of work claimed or the work done to be reasonable under the circumstances.

DONE and ORDERED this 19th day of March, 2008.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE